# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**CLAUDE BEAUDRY, et al.,**

      **Plaintiffs,**

**v.**                                    **Case No.  8:08-cv-1483-T-30TGW**

**NICKEL PLATE PROPERTIES, INC.,**
**et al.,**

      **Defendants.**

_____/

## <u>ORDER</u>

THIS CAUSE comes before the Court upon the Unopposed Motion to Dismiss Two Parties Defendant (Dkt. 25).  The Court, having reviewed the motion and being otherwise advised on the premises, finds that the motion should be granted.

Defendant Nickel Plate Properties, Inc. ("Nickel Plate") owned a mobile home park in Pinellas County, FL called Lakeside Mobile Home Park ("the park").  Plaintiffs are former residents of the park, which closed on December 31, 2007.  Some of the residents refused to leave the park and Nickel plate initiated eviction actions against them in Florida state court, which resulted in judgments of eviction against all the residents.  At some point during the pendency of the eviction actions, Defendant Michael Rausch, President of Nickel Plate, had two notices posted in the common recreation room of the park regarding the eviction actions and certain debts owed to Nickel Plate.

After all the residents left the park, Plaintiffs filed an original and three amended complaints in Florida state court, alleging violations of the Florida Consumer Collection Practices Act ("FCCPA") for the posting of the notices, against Rausch and Nickel Plate. The original and two amended complaints were dismissed on Defendants' motion with leave to amend. After Defendants filed a motion to dismiss the third amended complaint, Plaintiffs voluntarily dismissed the state court action.

Following the voluntary dismissal in state court, Defendants filed a class action complaint in this Court alleging violations of both the FCCPA and the Federal Fair Debt Collection Practices Act ("FDCPA"). The federal complaint added Rausch and Nickel Plate's attorney, Marion Hale and Hale's law firm, Johnson, Pope, Bokor, Ruppel & Burns, LLP ("Johnson, Pope"). The alleged violations of the FDCPA are against only Hale and Johnson, Pope.

The plaintiffs have now filed an unopposed motion to dismiss Defendants Hale and Johnson, Pope, thereby dismissing their only federal claim. Therefore, under 28 U.S.C. §1367(c)(3)[1], the Court declines to retain jurisdiction of the remaining claim of violations of the FCCPA. The Court notes that the statute of limitations on the FCCPA is two years and the events giving rise to this action (the posting of the notices) occurred in August 2007. Fla. Stat. 559.77(4).

It is therefore ORDERED AND ADJUDGED that:

---

[1] The statute provides that a federal court has discretion to exercise jurisdiction over a claim based on state law after the court has "dismissed all claims over which it has original jurisdiction." 28 U.S.C. §1367(c)(3).

1.  The Unopposed Motion to Dismiss Two Parties Defendant (Dkt. 25) is **GRANTED**.

2.  The Court declines to retain jurisdiction on the remaining state law claim. This cause is, therefore, **DISMISSED** without prejudice.

3.  All pending motions are denied as moot. The Clerk is directed to close this file.

**DONE** and **ORDERED** in Tampa, Florida on October 30, 2008.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2008\08-cv-1483.dismiss defendants.frm